# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SAI ROSE,**

    **Plaintiff,**

**vs.**                                        **Case No. 4:23cv539-AW-MAF**

**ATMOS NATION, LLC,**
**CHARLY BENASSAYAG,**
**ELI EROCH, YARIV ALIMA,**
**JOHN and JANE DOE 1-10,**
**JOHN and JANE DOE**
**CORPORATIONS 1-10,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, filed a second amended "verified complaint for damages and permanent injunctive relief." ECF No. 13. Plaintiff also requested emergency injunctive relief. ECF No. 14. Indeed, his original "motion for emergency injunctive relief," ECF No. 4, is also still pending.

Plaintiff's emergency motion is based on his financial needs and a desire for funding. ECF No. 14. Plaintiff seeks $255,000.00 to take care of

his needs and "start up manufacturing for [his] patented device." *Id.* at 10. Thus, although Plaintiff titled his motion as a request for injunctive relief, he is actually seeking monetary relief.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites,

which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

In this case, Plaintiff cannot demonstrate all four prerequisites. Plaintiff's initial complaint, ECF No. 1, his first amended complaint, ECF No. 11, and now his second amended complaint, ECF No. 13, have all been deemed insufficient to proceed.  In light of Plaintiff's motions for emergency relief, a thorough review has been undertaken of the claims asserted in this case.  In short, Plaintiff's claim for misappropriation of trade secrets under the Defend Trade Secrets Act is barred by the statute of limitations.  The statute provides for a 3 year limitations period in which to bring a civil claim.  18 U.S.C. § 1836(d).[1]  Plaintiff's allegations go back to 2016, 2017, 2018, and continuing.  ECF No. 13 at 13, 15.  These claims are barred by the statute of limitations.[2]

---

[1] "A civil action under subsection (b) may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered."  18 U.S.C. § 1836(d).

[2] It is also unclear whether Plaintiff's patent claim is barred.  "Section 286 of the Patent Act provides: 'Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.'"  SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC, 580 U.S. 328, 336, 137 S. Ct. 954, 961, 197 L. Ed. 2d 292

In addition, it is unclear whether Plaintiff can proceed with a patent infringement claim because Plaintiff has not sufficiently alleged facts to show he has standing. That is so because Plaintiff transferred his patent into the name of his step-father. ECF No. 13 at 10. It does not appear that ownership of the patent has been restored to the Plaintiff. Plaintiff's second amended complaint is also insufficient to allege a viable claim under the Florida Unfair and Deceptive Trade Practices Act, a conspiracy claim, or a defamation and slander claim.

Because all of Plaintiff's complaints have been found insufficient to properly state a claim and Plaintiff has now been required to submit a third amended complaint, Plaintiff has failed to meet the prerequisites for injunctive relief. Therefore, the motions for emergency relief must be denied.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for emergency injunctive relief, ECF Nos. 4 and 14, be

---

(2017). Plaintiff has been directed to carefully consider whether actions from 2014 - 2017 could be litigated in this case, filed on December 27, 2023. ECF No. 1.

Case No. 4:23cv539-AW-MAF

**DENIED** and this case be **REMANDED** for further proceedings, including review of Plaintiff's third amended complaint, due by March 7, 2024.

**IN CHAMBERS** at Tallahassee, Florida, on February 7, 2024.

   S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**